Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7074

JOHN T. BOYLE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

John T. Boyle, of Hernando Beach, Florida, pro se.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Michael G. Daugherty, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7074

JOHN T. BOYLE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

---

DECIDED: May 23, 2007

---

Before NEWMAN, LOURIE, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

John T. Boyle appeals from the September 20, 2006 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans' Appeals ("Board") denying his request (1) for revision of a May 1980 final rating decision based on clear and unmistakable error ("CUE"); (2) for revision of a November 1996 final rating decision based on CUE; and (3) for an

earlier effective date for his one hundred percent disability rating for diabetes mellitus. Boyle v. Nicholson, No. 05-0990 (Vet. App. Sept. 20, 2006). We affirm.

## DISCUSSION

### I.

Mr. Boyle served on active duty in the United States Army from August 1976 until April 1980. His service ended when he was found unfit for duty because of insulin dependent diabetes mellitus. After separation, Mr. Boyle filed for disability compensation. In May 1980, the Veterans Administration ("VA") found Mr. Boyle's diabetes service-connected and assigned a twenty percent rating, effective from April 11, 1980 (the day after separation). See 38 C.F.R. § 4.119, Diagnostic Code 7913 (1979). Mr. Boyle did not appeal the May 1980 rating decision. In September 1994, Mr. Boyle filed a claim for an increased rating for his service-connected diabetes mellitus. In November 1996, the VA increased the diabetes rating to sixty percent and granted service connection for other medical problems associated with the diabetes, resulting in a combined rating of seventy percent. Mr. Boyle did not appeal the November 1996 rating decision.

In January 1998, Mr. Boyle filed another claim for an increased rating for service-connected diabetes mellitus. In August 1999, the VA assigned a one hundred percent rating, effective March 26, 1998. Mr. Boyle filed a notice of disagreement with the effective date, in response to which the VA amended the effective date to January 5, 1998. Mr. Boyle appealed the assignment of a January 5, 1988 effective date to the Board. In his appeal to the Board, Mr. Boyle also alleged clear and unmistakable error ("CUE") in the May 1980 and the November 1996 rating decisions. The Board

determined that there was not a CUE in either of the earlier rating decisions and that there was no evidence to support an earlier effective date for the one hundred percent rating for service-connected diabetes mellitus. Mr. Boyle appealed the Board's decision to the Veterans Court.

On September 20, 2006, the Veterans Court issued an order affirming the decision of the Board. Boyle, No. 05-0990, slip op. at 3. The Veterans Court stated that Mr. Boyle's CUE arguments amounted to "a disagreement with how the facts were weighed in the 1980 and 1996 rating decisions." Id. at 1. For the 1980 rating decision, the Veterans Court explained that even if it accepted Mr. Boyle's view that he was required to avoid strenuous occupational activities, that was only one factor for consideration in determining his rating. Id. Further, the Board found that the evidence at the time "included no assigned profile restriction on his activities and no evidence of high insulin usage, also factors to be considered for a 40% rating." Id.

Turning to the 1996 rating decision, the Veterans Court concluded that the Board's determinations that there was no evidence of record in November 1996 showing that Mr. Boyle was hospitalized three or more times per year for ketoacidosis or hypoglycemic reactions or that he had weekly visits to a diabetic care provider were supported by the record and not clearly erroneous. Id. at 2 (citing 38 C.F.R. § 4119, Diagnostic Code 7913 (1996)). Had these matters been established, Mr. Boyle may have been entitled to a one hundred percent rating. See 38 C.F.R. § 4119, Diagnostic Code 7913, 100 rating (1996).

Finally, addressing Mr. Boyle's request for an earlier effective date for his one hundred percent rating, the Veterans Court concluded that the evidence did not support

Mr. Boyle's claim that he had made weekly visits for diabetic care prior to January 5, 1998. Id. The Veterans Court pointed out that, at most, the evidence supported monthly visits, not weekly visits, and that the records did not show that "his visits were the result of a hypoglycemic reaction, as required for the 100% disability rating." Id.

Following the decision of the Veterans Court, Mr. Boyle timely appealed to this court. We have jurisdiction over his appeal pursuant to 38 U.S.C. § 7292(a).

II.

Our jurisdiction to review Veterans Court decisions is limited by statute. Specifically, except in an appeal involving a constitutional challenge, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We may, however, "review and decide any challenge to the validity of any statute or regulation, or any interpretation thereof" by the Veterans Court. 38 U.S.C. § 7292(c); see Forshey v. Prinicipi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc).

On appeal, Mr. Boyle challenges the decision of the Veterans Court sustaining (i) the rulings of the Board that the 1980 and 1996 ratings decisions were not tainted by CUE; and (ii) the Board's affirmance of the VA's award of a January 5, 1998 effective date for the one hundred percent disability rating.

As indicated above, in May of 1980, the VA assigned Mr. Boyle a twenty percent disability rating, and in November of 1996, it increased the rating to sixty percent. Mr. Boyle argues that the 1980 rating was the product of CUE because the Board incorrectly "weighed" the criteria in 38 C.F.R. § 4.119 Diagnostic Code 7913 (1979) for a forty percent rating. He contends that the 1996 rating was the product of CUE and that

the Board erred in refusing to find an earlier effective date for his one hundred percent rating because the Board misinterpreted 38 C.F.R. § 4.119 Diagnostic Code 7913 (1998).[1]  We address these contentions in turn.

III.

Focusing on the 1980 rating decision, Mr. Boyle argues that under Diagnostic Code 7913, 38 C.F.R. § 4.119, 20 rating (1979), a twenty percent rating for diabetes mellitus requires that there be no limitation of physical activity.  This, he asserts, is the consequence of the word "without" in the Diagnostic Code.  He argues that "without" means "none—no limitation."[2]  He continues that the only other difference between the twenty percent rating he was assigned and the forty percent rating that he asserts he should have been assigned is the insulin dosage, which is vague.  In that regard, he argues that the rater should have known what a large dosage is and that he was receiving such a dosage.

Although Mr. Boyle's arguments are close to the application of law to the facts of his particular case, we recognize within his arguments possible purely legal challenges.  However, we discern no error by the Veterans Court with respect to the physical activities limitation in the regulation.  At the same time, as the Secretary correctly argues, at the time of the 1980 rating decision, for a forty percent rating, the regulation required a "large insulin dosage, restricted diet, and careful regulation of activities."  38 C.F.R. § 4119 Diagnostic Code 7913, 40 rating (1979).  The use of the conjunctive

---

[1]    Because the requirements for the one hundred percent rating and the sixty percent rating were the same in both 1996 and 1998, for convenience, we refer to the 1998 version of the regulation.

[2]    The twenty percent rating requires "moderate insulin . . . dosage," while the forty percent rating requires a "large insulin dosage."

"and" means that there are three "elements" to the forty percent rating that Mr. Boyle had to meet. See Watson v. Dep't of the Navy, 262 F.3d 1292, 1299 (Fed. Cir. 2001). To the extent that the Board found that Mr. Boyle's insulin dosage did not meet the requirement for a rating higher than twenty percent, we are presented with a factual question that is beyond the scope of our review. See In re Boyle, No. C29593793, slip op. at 9 (Apr. 6, 2005).

As far as the 1996 rating decision and the Board's denial of an earlier effective date are concerned, Mr. Boyle's principal argument is that the Veterans Court erred because it misinterpreted 38 C.F.R. § 4.119, Diagnostic Code 7913, 100 rating (1998), when it required that his "weekly visits to the doctors must be the result of hypoglycemia." According to Mr. Boyle, the regulation is properly read to mean that hospitalizations are required to be the result of hypoglycemia or ketoacidosis, but that regular diabetic care visits are not. The Board found (and the Veterans Court affirmed the finding as supported by the evidence of record) that there is no evidence of record showing weekly visits for diabetic care prior to 1998. Boyle, No. 05-0990, slip op. at 2. This finding of fact, which is beyond the jurisdiction of this court to review, puts Mr. Boyle's rating somewhere below the sixty percent rating that was assigned in the 1996 rating decision. Compare 38 C.F.R. § 4.119, Diagnostic Code 7913, 100 rating (1998) ("Requiring more than one daily injection of insulin, restricted diet, and regulation of activities (avoidance of strenuous occupational and recreational activities)[,] with episodes of ketoacidosis or hypoglycemic reactions requiring at least three hospitalizations per year or weekly visits to a diabetic care provider . . . .") with id., 60 rating ("Requiring insulin, restricted diet, and regulation of activities with episodes of

ketoacidosis or hypoglycemic reactions requiring one or two hospitalizations per year or twice a month visits to a diabetic care provider . . . .").  Thus even under Mr. Boyle's interpretation of the regulation (that the weekly diabetic visits are not required to be the result of hypoglycemia or ketoacidosis), Mr. Boyle's challenge to the 1996 rating decision and his claim of an earlier effective date fails based upon findings of fact that we may not disturb.

We have considered Mr. Boyle's other arguments (including his constitutional claims) and have found them to be without merit.  The decision of the court is therefore affirmed.

Each party shall bear its own costs.