# United States Court of Appeals
# for the Federal Circuit

---

**BIRDEYE L. MIDDLETON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7014

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-4222, Judge Alan G. Lance Sr.

---

## ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

EINAR STOLE, Covington & Burling LLP, of Washington, DC, filed a petition for panel rehearing and rehearing en banc for claimant-appellant. With him on the petition was MICHAEL S. SAWYER. Of counsel on the petition were BARTON F. STICHMAN and KATY SCHUMAN CLEMENS, National Veterans Legal Services Program, of Washington, DC.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, filed a response to the petition for respondent-appellee. On the response

were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and SCOTT D. AUSTIN, Assistant Director.  Of counsel on the response were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and MEGHAN ALPHONSO,  Attorney, United States Department of Veterans Affairs, of Washington, DC.

DAVID J. LEWIS, Sidley  Austin LLP, of Washington, DC, for amici curiae The American Legion and Vietnam Veterans of America. Of counsel on the brief was PHILIP B. ONDERDONK, The American Legion, of Indianapolis, Indiana, for amicus curiae The American Legion.

---

Before RADER, *Chief Judge*, NEWMAN, PLAGER[1], LOURIE, DYK, PROST, MOORE, REYNA, WALLACH, TARANTO, and CHEN, *Circuit Judges*.[2]

NEWMAN, *Circuit Judge*, with whom WALLACH, *Circuit Judge*, joins, dissenting from the denial of the petition for rehearing en banc.

PLAGER, *Circuit Judge*, dissenting from the denial of the petition for panel rehearing.

PER CURIAM.

# O R D E R

A combined petition for panel rehearing and rehearing en banc was filed by claimant-appellant, and a response thereto was invited by the court and filed by respondent-appellee. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc and response were

---

[1]     *Circuit Judge* Plager participated only in the decision on the petition for panel rehearing.

[2]     *Circuit Judges* O'Malley and Hughes did not participate.

referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition of claimant-appellant for panel rehearing is denied.

(2) The petition of claimant-appellant for rehearing en banc is denied.

(3) The mandate of the court will issue on February 10, 2014.

FOR THE COURT

February 3, 2014                    /s/ Daniel E. O'Toole
        Date                        Daniel E. O'Toole
                                    Clerk of Court

# United States Court of Appeals for the Federal Circuit

---

**BIRDEYE L. MIDDLETON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7014

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-4222, Judge Alan G. Lance Sr.

---

NEWMAN, *Circuit Judge*, dissenting from denial of the petition for rehearing en banc.

By decision issued August 15, 2013, a split panel of this court announced a new rule for the assessment of disability ratings under the Department of Veterans Affairs Schedule for Rating Disabilities. According to this new rule, "when a veteran does not satisfy all of the required criteria of the higher rating but does satisfy all of the criteria of the lower rating," the veteran is only entitled to receive the lower rating. The court thus discards the flexibility that is expressly provided in the regulations.

This new judge-made rule was not presented by the government on this appeal. It contravenes the policy of

the Schedule's General Policy in Rating, and is inconsistent with VA regulation 38 C.F.R. §4.7, which requires determination of which rating "the disability picture more nearly approximates":

> §4.7  Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating.  Otherwise, the lower rating will be assigned.

Instead, the court discards the flexibility of "more nearly approximates" in favor of a bright-line rule, the panel majority holding that:

> [T]here is no question as to which evaluation shall be applied when a veteran does not satisfy *all of the required criteria* of the higher rating but does satisfy all of the criteria of the lower rating.

*Middleton v. Shinseki*, 727 F.3d 1172, 1178 (Fed. Cir. 2013) (emphasis added).  As here illustrated, the absence of even one of the listed criteria leaves "no question" that the lower rating must be applied.  This judicial revision negates not only the letter but also the policy of the regulations.

Section 4.7 directs the rater to the veteran's "disability picture" for application of the Schedule for Rating Disabilities.  The Schedule lists relevant criteria and assigns lower ratings to lesser impairments, and higher ratings when more severe criteria are present.  The criteria are medically-derived guidelines, not rules of law, for §4.7 recognizes that precise correlations are not always present.  The court's new requirement of the lower rating if all of the criteria listed for the higher rating are not met eliminates the discretion, indeed the obligation, of the rater to consider the veteran's "disability picture".

The panel majority's interpretation contradicts the foundational policies of veterans law. For example, §4.1 of the General Policy in Rating states that the "rating schedule is primarily a guide in the evaluation of disability," and §4.21 recognizes that "atypical instances" will not exhibit all of the listed criteria:

> §4.21 In view of the number of atypical instances it is not expected, especially with more fully described grades of disabilities, that all cases will show all the findings specified. Findings sufficiently characteristic to identify the disease and the disability therefrom, and above all, coordination of rating with impairment of function will, however, be expected in all instances.

Section 4.3 of the General Policy requires that reasonable doubt "be resolved in favor of the claimant":

> §4.3 It is the defined and consistently applied policy of the Department of Veterans Affairs to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant.

The regulations require applying disability ratings flexibly and in favor of the veteran. The court's new interpretation imposes a rigorous rule that does not accommodate individual, case-specific variation. The General Policy's principles require greater flexibility, as recently observed in *Vazquez-Claudio v. Shinseki*. 713 F.3d 112, 115-16 (Fed. Cir. 2013) ("[W]e must read the disputed language in the context of the entire regulation as well as other related regulatory sections in order to determine the language's plain meaning. . . . Entitlement to a 70 percent disability rating requires sufficient symptoms of the kind listed in the 70 percent requirements, or

others of similar severity, frequency or duration . . . .”). The court in *Vazquez-Claudio* focused on the overall “occupational and social impairment with deficiencies in most areas such as those enumerated in the regulation,” *id.* at 118*,* rather than the rule now adopted where the absence of even one of the listed criteria will defeat the higher rating.

This new ruling thus conflicts with precedent as well as with statute, policy, and regulation.  From the court’s denial of en banc review, I respectfully dissent.

# United States Court of Appeals
# for the Federal Circuit

---

**BIRDEYE L. MIDDLETON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7014

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-4222, Judge Alan G. Lance Sr.

---

PLAGER, *Circuit Judge*, dissenting from denial of the petition for panel rehearing.

For the record, I dissent from the failure of the panel to self-correct itself regarding the clearly erroneous position taken in the majority opinion in this case. In the interest of brevity, I adopt as the explanation for my dissent from denial of the petition for panel rehearing, in addition to my original dissent, *Middleton v. Shinseki*, 727 F.3d 1172 (Plager, J., dissenting), the opinion of Judge Newman in her accompanying dissent from the denial of the petition for rehearing en banc. [1]

---

[1] The Chief Judge advises that the rule in this circuit, recently pronounced by a majority of the judges of the

court in regular active service, is that judges in senior status, of which I am one, are prohibited from joining another judge's dissent from a denial of en banc, or authoring their own dissent expressing on record a criticism of the judges in regular active service for the failure to take a case en banc. This apparently is the rule even in this case, though as a member of the original panel I am expressly authorized by law to have sat on the en banc panel if the court had agreed to have one, *see* 28 U.S.C. § 46(c), so that the failure to take the case en banc has denied me an opportunity to try to correct what I consider to be a miscarriage of justice. However, my compliance with this rule, prohibiting circuit judges, because they are in senior status, from expressing an opinion on this aspect of the decisional work of the court, should not be taken as agreement with this rule, its purpose, effect, or for that matter its constitutionality.