PLAGER, Circuit Judge,
dissenting from denial of the petition for panel rehearing.
For the record, I dissent from the failure of the panel to self-correct itself regarding the clearly erroneous position taken in the majority opinion in this case. In the interest of brevity, I adopt as the explanation for my dissent from denial of the petition for panel rehearing, in addition to my original dissent, Middleton v. Shinseki, 727 F.3d 1172 (Plager, J., dissenting), the opinion of Judge Newman in her accompanying dissent from the denial of the petition for rehearing en banc.[1]

. The Chief Judge advises that the rule in this circuit, recently pronounced by a majority of the judges of the court in regular active service, is that judges in senior status, of which I am one, are prohibited from joining another judge’s dissent from a denial of en banc, or authoring their own dissent expressing on record a criticism of the judges in regular active service for the failure to take a case en banc. This apparently is the rule even in this case, though as a member of the original panel I am expressly authorized by law to have sat on the en banc panel if the court had agreed to have one, see 28 U.S.C. § 46(c), so that the failure to take the case en banc has denied me an opportunity to try to correct what I consider to be a miscarriage of justice. However, my compliance with this rule, prohibiting circuit judges, because they are in senior status, from expressing án opinion on this aspect of the decisional work of the court, should not be taken as agreement with this rule, its purpose,-effect, or for that matter its constitutionality.