NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PABLO ORTIZ,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7073

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-3054, Judge Robert N. Davis.

---

Decided: June 10, 2011

---

PABLO ORTIZ, of Glendale, Arizona, pro se.

SCOTT PALMER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC., for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and

REGINALD T. BLADES, JR, Assistant Director. Of counsel on the brief was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before BRYSON, DYK, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## DECISION

Pablo Ortiz appeals from an adverse decision of the Court of Appeals for Veterans Claims ("the Veterans Court"). We affirm.

## BACKGROUND

Mr. Ortiz fractured his left ankle in 1972 while serving on active duty in the U.S. Army. The injury was found to be service connected, and Mr. Ortiz was assigned a disability rating of 10% for residuals associated with that injury. Mr. Ortiz later requested that his disability rating be increased. He also asked to be rated as totally disabled based on individual unemployability ("TDIU"). Following a series of decisions by the regional office, the Board of Veterans' Appeals, and the Veterans Court, the Board issued an order denying Mr. Ortiz's request for an increase in rating and remanding Mr. Ortiz's TDIU claim to the regional office. The Board explained that the medical evidence of record and the veteran's self-reported evaluation of his ankle condition all confirmed that the proper rating is 10%. With respect to the TDIU claim, the Board instructed the regional office to consider the combined effect of Mr. Ortiz's service-connected ankle injury and his diabetes on his ability to maintain gainful employment.

Mr. Ortiz appealed the Board's decision to the Veterans Court. The court reviewed the evidence of record and concluded that the Board's decision to maintain a 10% rating was not clearly erroneous. With respect to the TDIU claim, the court held that it lacked jurisdiction to consider Mr. Ortiz's appeal because that claim had been remanded to the regional office. Finally, the court held that the Secretary had complied with the notice requirements of the Veterans Claims Assistance Act of 2000 ("VCAA").

DISCUSSION

This court has limited jurisdiction to consider appeals from the Veterans Court. We have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . ., and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Except to the extent that a veteran's appeal presents a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law to the facts of a particular case. 38 U.S.C. § 7292(d)(2). Nearly all of Mr. Ortiz's assertions of error are outside of this court's jurisdiction. Accordingly, we do not review the merits of those claims; as to the only issue over which we have jurisdiction, we uphold the decision of the Veterans Court and affirm the judgment of that court.

We lack jurisdiction to consider Mr. Ortiz's contention that the evidence of record, including medical reports and Mr. Ortiz's social security disability records, required the Secretary to increase his disability rating. That is a pure question of fact. We also lack jurisdiction to consider Mr. Ortiz's argument that the "benefit of the doubt" rule

requires judgment in his favor. Neither the Board nor the Veterans Court interpreted the statute codifying that rule, 38 U.S.C. § 5107(b). The "benefit of the doubt" rule applies only when the evidence in support of and against the veteran's claim is approximately balanced; it has no application to cases such as this one, in which the Board found that a preponderance of the evidence supports maintenance of the 10% rating. *See Fagan v. Shinseki*, 573 F.3d 1282, 1287 (Fed. Cir. 2009) ("[T]he benefit of the doubt doctrine has no application where the Board determined that the preponderance of the evidence weights against the veteran's claim or when the evidence is not in equipoise.") (internal quotation omitted). Mr. Ortiz faults the Board for failing to articulate the reasons supporting its decision. The Veterans Court concluded that the Board's explanation of its decision was satisfactory, and we lack jurisdiction to review that determination. Similarly, we lack jurisdiction to consider whether the Secretary provided Mr. Ortiz with the notice required by the VCAA. *See Conway v. Principi*, 353 F.3d 1369, 1373 (Fed. Cir. 2004) (assessing the Board's compliance with the notice provisions of the VCAA in a particular case is a review of the application of law to fact and is therefore outside of this court's jurisdiction).

The Veterans Court correctly determined that it lacked jurisdiction to review Mr. Ortiz's appeal related to TDIU benefits. The Veterans Court's jurisdiction is limited to reviewing "decisions" made by the Board. 38 U.S.C. § 7252(a). To constitute a reviewable "decision," the Board's order must either grant or deny the veteran's request for relief. 38 U.S.C. § 7104(d)(2); *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2008). Here, the Board's remand order directed the regional office to consider the merits of Mr. Ortiz's request for a TDIU rating. That order did not grant or deny relief to Mr.

Ortiz, and it is therefore not a "decision" within the meaning of the Veterans Court's jurisdictional statute. *Kirkpatrick*, 417 F.3d at 1364. We have jurisdiction to review the Veterans Court's decision on that issue, and we sustain the court's decision that it lacked jurisdiction over the TDIU claim, as that decision is plainly correct.

Mr. Ortiz states that he is entitled to disability compensation for post-traumatic stress disorder ("PTSD") and a number of other conditions. That issue does not appear to have been raised before the Board or the Veterans Court, and we cannot consider it in the first instance.

Finally, Mr. Ortiz suggests that the Veterans Court and the DVA have acted out of racial animus. He has pointed to no evidence in support of that argument. His vague allegations do not rise to the level of a non-frivolous constitutional issue that would fall within our jurisdiction.

No costs.

**AFFIRMED**