# United States Court of Appeals for the Federal Circuit

———————————

**RALPH W. HERBERT,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2014-7111

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2680, Judge Robert N. Davis.

———————————

Decided: July 2, 2015

———————————

MATTHEW A. TRAUPMAN, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY, for claimant-appellant.

K. ELIZABETH WITWER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR; LARA EILHARDT, Y. KEN LEE, TRACEY PARKER WARREN, MEGHAN ALPHONSO, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Ralph Herbert filed a claim for disability benefits based on an assertion of disability caused by service-connected post-traumatic stress disorder (PTSD). The Board of Veterans' Appeals denied the claim, finding no service connection. The Court of Appeals for Veterans Claims affirmed the denial after determining that the Board, in an earlier stage of the proceeding, had not erred by ordering an additional medical examination in connection with his claim. We affirm.

## BACKGROUND

Mr. Herbert is a veteran of the United States Navy. In late 2000, he filed with the Department of Veterans Affairs (VA) a claim for benefits for disability caused by PTSD, which he alleged was connected to an event during his service, namely, a typhoon that his ship, the *USS Mount McKinley*, encountered en route to Japan in January 1956. Ship logs and letters from two shipmates confirm that the *USS Mount McKinley* weathered a bad storm around that time.

Mr. Herbert underwent a VA medical examination in May 2002, but the examiner found no PTSD, and the VA's Seattle Regional Office then denied Mr. Herbert's benefits claim. Although Mr. Herbert timely filed a notice of disagreement, his hearing before the Board did not take place until February 2008. In the intervening years, Mr. Herbert underwent several more medical examinations. A January 2004 examination at the VA's Veterans Center and a July 2006 examination by a private psychologist both produced diagnoses of PTSD. Two other examinations—a May 2006 VA examination and an October 2007 examination conducted at the VA's behest—did not.

At the February 2008 hearing, Mr. Herbert testified about the typhoon, stating in particular that he saw people go overboard on a neighboring ship. Two months later, the Board denied Mr. Herbert's claim for service connection. It found Mr. Herbert not credible insofar as he testified to witnessing others go overboard, and it therefore concluded that it could not rely on medical opinions that credited his statements about others going overboard in arriving at a PTSD diagnosis.

Mr. Herbert appealed to the Veterans Court, which remanded his case to the Board in July 2009 pursuant to a joint request by Mr. Herbert and the VA. The parties requested remand for several reasons, including that it was unclear whether the October 2007 medical examiner had reviewed Mr. Herbert's earlier history and examinations, as evidenced by her inclusion of a factually incorrect statement about Mr. Herbert's disciplinary history. The parties specifically agreed that, "[u]pon remand, [Mr. Herbert] may submit additional evidence and argument on the questions at issue, and [the VA] may 'seek any other evidence the [VA] feels is necessary' to the timely resolution of [Mr. Herbert's] claim." J.A. 480 (quoting *Fletcher v. Derwinski*, 1 Vet. App. 394, 397 (1991)).

On remand, in February 2010, the Board determined that Mr. Herbert "must be scheduled for a VA psychiatric examination" and that "[t]he examiner must specifically opine whether the appellant has [PTSD] due solely to the fact that he survived a storm at sea in January 1956," J.A. 346, *i.e.*, not based on a claim that he saw anyone going overboard. The Board remanded Mr. Herbert's case to the Regional Office for appropriate development. Mr. Herbert underwent the ordered VA examination on November 23, 2011. The examiner concluded that experiencing the typhoon in and of itself was an adequate stressor to support a PTSD diagnosis, J.A. 311, but that Mr. Herbert's symptoms "do not meet the diagnostic criteria for PTSD," J.A. 315.

Meanwhile, in May 2011, Mr. Herbert had an additional private medical examination, and the examiner found PTSD based on the storm alone being a sufficient stressor. It is uncontested before us that the VA did not receive that examination report until after the November 23, 2011 VA examination. But the May 2011 examination report was part of the record when the matter returned to the Board.

In August 2012, the Board rejected Mr. Herbert's claim. It determined that Mr. Herbert was "not credible in reporting his psychiatric symptoms or the stressors he claimed regarding his PTSD," J.A. 17, and found the November 2011 examination to be more probative than the May 2011 examination. It therefore found that "entitlement to service connection for [PTSD] is not warranted." J.A. 20.

Mr. Herbert appealed to the Veterans Court, arguing that the Board should not have ordered the November 2011 examination, that the November 2011 examination was inadequate, that the Board failed to comply with the remand order, that the Board set forth inadequate reasons and bases for its decision, that the Board's factual findings were clearly erroneous, and that those errors were prejudicial. The Veterans Court affirmed the Board's decision, concluding, among other things, that the Board did not err by ordering the November 2011 examination.

## DISCUSSION

On appeal, Mr. Herbert raises only one issue that is within our jurisdiction—whether the Veterans Court relied on a misinterpretation of a statute, 38 U.S.C. § 5103A, in rejecting his contention that the Board was forbidden to order the November 2011 examination. *See* Appellant's Br. at 1 (statement of the issue). We have jurisdiction to decide that legal issue. 38 U.S.C. § 7292(a), (d)(1). Mr. Herbert argues that § 5103A required the

Board, before it could properly order the November 2011 examination, to make an adequately explained finding that the pre-November 2011 record was insufficient for a sound ruling to be made on the claim. We hold that § 5103A contains no such requirement.

Section 5103A imposes on the VA Secretary certain duties to assist veterans in developing their claims. 38 U.S.C. § 5103A ("Duty to assist claimants"). Subsection (d) specifically addresses the duty to provide a veteran with medical examinations:

> (d) Medical examinations for compensation claims.—(1) In the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim.
>
> (2) The Secretary shall treat an examination or opinion as being necessary to make a decision on a claim for purposes of paragraph (1) if the evidence of record before the Secretary, taking into consideration all information and lay or medical evidence (including statements of the claimant)—
>
>> (A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and
>>
>> (B) indicates that the disability or symptoms may be associated with the claimant's active military, naval, or air service; but
>>
>> (C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.

By its express terms, § 5103A imposes an affirmative requirement on the Secretary to provide medical exami-

nations under certain conditions, specifically, where a medical examination "is necessary to make a decision on the claim." § 5103A(d)(1). The statute states that, in certain circumstances, the Secretary *must* order a medical examination. It does not say, however, that the Secretary may not order a medical examination in any other circumstance. It imposes an evidence-gathering duty on the Secretary. It does not confine discretion the Secretary otherwise has to gather evidence, including by ordering a medical examination.

Mr. Herbert's only argument for restricting the Secretary's examination-ordering authority rests on § 5103A. But the provision by its terms does not do so, and Mr. Herbert cites no governing precedent stating otherwise. We therefore follow § 5103A's plain terms. For that reason, we reject Mr. Herbert's argument that the Veterans Court legally erred in not requiring the Board, under § 5103A, to make more of a finding about the insufficiency of the existing medical evidence than it did.

Mr. Herbert does not argue that the Secretary lacks authority outside § 5103A to take steps to develop the record to make a legally sound decision on a claim, including by ordering a medical examination. *See Douglas v. Shinseki*, 23 Vet. App. 19, 22–26 (2009) (describing statutory bases for broad authority of Secretary to develop the record, including by scheduling a veteran for a medical examination). Nor has he identified and relied on any constraints on such authority, of which § 5103A by its terms is not one. Mr. Herbert makes no claim that 38 C.F.R. § 3.304(c) is such a limit, and the Veterans Court has rejected a veteran's argument "that the language of 38 C.F.R. § 3.304(c) limits VA's development of evidence," ruling that the provision "gives VA the discretion to determine how much development is necessary for a determination of service connection to be made." *Shoffner v. Principi*, 16 Vet. App. 208, 213 (2002).

To the extent that Mr. Herbert might be taken to present an argument about constraints outside § 5103A by invoking the Veterans Court's decision in *Mariano v. Principi*, 17 Vet. App. 305 (2003), he has identified no legal error. The Veterans Court has since qualified certain "broad, general" language in *Mariano* by explaining that the VA "has an affirmative duty to gather the evidence necessary to render an informed decision on the claim, even if that means gathering and developing negative evidence, provided [it] does so in an impartial, unbiased, and neutral manner." *Douglas*, 23 Vet. App. at 25–26 (internal quotation marks omitted). Mr. Herbert has shown no legal error in that standard. And under § 7292(d)(2), we lack jurisdiction to review the Veterans Court's as-applied determination, which is consistent with that standard, that the Board could properly order a medical examination here because the record "contain[ed] conflicting medical evidence pre-dating the November 2011 examination." *Herbert v. Shinseki*, No. 12-2680, 2014 WL 781428, at *1 (Vet. App. Feb. 28, 2014).

## CONCLUSION

For the foregoing reasons, we reject Mr. Herbert's argument that the Board violated § 5103A in ordering the November 2011 medical examination. As Mr. Herbert has raised and pressed no other argument on appeal, we affirm the decision of the Veterans Court.

No costs.

## AFFIRMED