NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES L. LARUE,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1923

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-2583, Chief Judge Robert N. Davis, Judge Margaret C. Bartley, Judge William P. Greene, Jr.

---

Decided: August 11, 2017

---

JAMES L. LARUE, Zwolle, LA, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, CHRISTOPHER O.

ADELOYE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before WALLACH, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant James L. LaRue appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *See LaRue v. McDonald,* No. 15-2583, 2017 WL 32904 (Vet. App. Jan. 3, 2017). In that decision, the Veterans Court affirmed two decisions of the Board of Veterans' Appeals ("the Board"): the first denied Mr. LaRue an earlier effective date for his service-connected posttraumatic stress disorder ("PTSD") benefits; the second found no clear and unmistakable error ("CUE") in an earlier Board decision denying Mr. LaRue's application for benefits for PTSD. *See id.* at *3, *6; Appellee's Suppl. App. 20–35. Because we lack subject matter jurisdiction, we dismiss.

## BACKGROUND

Mr. LaRue served on active duty in the U.S. Army from 1965 to 1968, including service in combat during the Vietnam War. *LaRue,* 2017 WL 32904, at *1. In the years that followed his separation from service, Mr. LaRue received evaluations for various psychiatric issues, including acute anxiety neurosis, dysthymic disorder, and PTSD. *See id.* at *1–2.

In 1982, Mr. LaRue sought service-connected.[1] Where disability benefits from the U.S. Department of Veterans

———————————

[1] "The term 'service-connected' means . . . that such disability was incurred or aggravated . . . in line of duty in the active military . . . ." 38 U.S.C. § 101(6) (2012); *see,*

Affairs ("VA") for a nervous condition, but a Regional Office ("RO") decision denied his claim for lack of service connection. *Id.* at *2.

In 1985, Mr. LaRue requested to reopen his previously denied claim and add a claim for PTSD. *See id.* After additional VA proceedings and examinations, Mr. LaRue was again denied service connection for PTSD in a 1986 rating decision. *Id.* at *3. In 1989, the Board denied his appeal of the rating decision, and the Veterans Court dismissed for lack of jurisdiction due to untimely filing of the appeal. *Id.*

In 1993, Mr. LaRue requested to reopen his previously-denied claim. *See id.* A 1998 rating decision granted him service connection for PTSD and awarded a thirty percent disability rating, with the effective date as the date of his 1993 claim. *See id.* Mr. LaRue did not appeal this decision.

In 2010, Mr. LaRue filed the claim at issue in the present appeal. *See id.* Mr. LaRue first alleged that he had submitted an application to reopen the denial of his PTSD claim prior to the 1993 claim (that was successfully reopened and granted), and as such, the effective date for his PTSD award should be revised accordingly. *Id.* Second, Mr. LaRue alleged there was CUE in the 1989 Board decision denying his PTSD claim on the basis that the VA fraudulently solicited evidence for the purpose of denying his claim. *Id.* The Board rejected both allegations, finding no evidence of an earlier-adjudicated application for benefits that was successful prior to the 1993 claim and determining the 1989 Board decision was supported by the record and not a product of CUE. *See id.*

---

*e.g., Shedden v. Principi*, 381 F.3d 1163, 1166–67 (Fed. Cir. 2004); 38 C.F.R. § 3.303 (2017).

Mr. LaRue appealed to the Veterans Court, which affirmed both Board decisions. The Veterans Court agreed the record lacked support for Mr. LaRue's assertions regarding an earlier effective date, and further affirmed that Mr. LaRue's CUE argument amounted to nothing more than a disagreement with the way in which the 1989 Board decision weighed the evidence, which does not constitute CUE. *See id.* at *4, *5. The Veterans Court stated that the Board correctly held that the VA did not improperly solicit evidence against Mr. LaRue, noting that the VA is required to obtain a medical examination when evidence of record is insufficient to make a decision. *Id.* at *5.

Mr. LaRue filed motions to have this decision overturned by a panel and the full Veterans Court, neither of which were successful. *See LaRue v. Shulkin*, No. 15-2583, 2017 WL 1180141, at *1 (Vet. App. Mar. 30, 2017). Mr. LaRue appeals.

DISCUSSION

The Court Lacks Subject Matter Jurisdiction Over Mr. LaRue's Appeal

We possess limited subject matter jurisdiction over appeals from the Veterans Court. We may "review and decide any challenge to the validity of any statute or regulation or any interpretation there-of . . . and . . . interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a legitimate constitutional issue, we lack subject matter jurisdiction over an appeal that raises "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see Wanless v. Shinseki,* 618 F.3d 1333, 1336 (Fed. Cir. 2010).

Mr. LaRue's appeal does not involve the interpretation of a statute or regulation, and it does not concern a constitutional issue. Instead, Mr. LaRue raises a series of arguments related to the Board's initial decisions that concern the application of law to particular facts, *see generally* Appellant's Br., and we lack subject matter jurisdiction over such questions, *see* 38 U.S.C. § 7292(d)(2).[2]

For example, Mr. LaRue contends that the Veteran's Court incorrectly applied 38 U.S.C. § 7111(a), instead of § 5109A, to institute review of the Board decision denying CUE. Appellant's Br. 1. However, § 7111(a) is the correct statute that governs review of a Board decision for CUE because subsection (a) pertains to the revision of a rating decision "by the *Board . . .* on the grounds of [CUE]," while § 5109A pertains only to revision of a rating decision "by the *Secretary . . .* on the grounds of [CUE]." (emphasis added). The Veterans Court has jurisdiction only to "review decisions of the Board." *Id.* § 7252(a). To the extent Mr. LaRue argues that the Veterans Court misinterpreted the reach of § 7111(a), a plain reading of the statute belies his position. Moreover, LaRue understood and agreed that his appeal on the grounds of CUE concerned the 1989 Board decision, and that the 1986 RO decision of the Secretary was "subsumed by the . . . 1989 Board decision." *LaRue,* 2017 WL 32904, at *5. Thus,

---

[2] Mr. LaRue failed to raise any arguments on appeal with respect to the Veterans Court's decision denying an earlier effective date for the grant of his PTSD claim. *See generally* Appellant's Br. "[C]ourts have consistently concluded that the "failure of an appellant to include an issue or argument in the opening brief will be deemed a waiver of the issue or argument." *Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999). As such, we decline to review the Veterans Court's earlier effective date finding.

Mr. LaRue has not presented a question of statutory interpretation or validity on the part of the Veterans Court for our review.

Mr. LaRue's remaining arguments challenge only factual determinations that we may not adjudicate. Mr. LaRue contends that the Veterans Court failed to properly address the merits of his CUE claim and that it failed to take into consideration a hospital medical record. *See* Appellant's Br. 1, Attach. A. He further alleges that the VA solicited negative medical evidence for the purpose of obtaining evidence to rebut his PTSD claim. *Id.* at 1, Attach. B. As outlined above, we "lack jurisdiction to reweigh the evidence considered by the Board" that it used to address Mr. LaRue's CUE challenge. *Thompson v. McDonald*, 580 F. App'x 901, 906 (Fed. Cir. 2014). Mr. LaRue does not otherwise contest a statutory interpretation made by the Veterans Court in assessing the challenged medical evidence that we may properly review under our limited appellate jurisdiction.

Mr. LaRue's contention that specific evidence of record not previously cited will produce a different disability rating, *see* Appellant's Br. 1, Attach. A, raises a "pure question of fact" that we may not review, *Ortiz v. Shinseki*, 427 F. App'x 889, 891 (Fed. Cir. 2011). We "presume that a fact finder reviews all the evidence presented unless he explicitly expresses otherwise." *Medtronic Inc. v. Daig Corp.,* 789 F.2d 903, 906 (Fed. Cir. 1986) (footnote omitted). Moreover, we do not exercise jurisdiction to second-guess the Veterans Court's holding that there was "no error" in the Board's determination that the VA did not erroneously solicit evidence against Mr. LaRue's claim. *LaRue,* 2017 WL 32904, at *5; *see Herbert v. McDonald*, 791 F.3d 1364, 1366 (Fed. Cir. 2015) (emphasizing that "[the VA] has an affirmative duty to gather the evidence necessary to render an informed decision on the claim, even if that means gathering and developing negative evidence, provided [it] does so in an

impartial, unbiased and neutral manner" (internal quotation marks and citation omitted) (second alteration in original)).

We also note that Mr. LaRue's allegations of prejudicial treatment, *see* Appellant's Br. 1, Attach. C, are not accompanied by supporting evidence. Although this court generally interprets the pleadings of a pro se appellant liberally, *see, e.g.*, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005), an appellant's pro se status "does not excuse [the pleading's] failures," *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). We decline to review such undeveloped arguments here. *See Amberman v. Shinseki*, 570 F.3d 1377, 1382 (Fed. Cir. 2009) ("Ordinarily, we deem [a party's] failure to raise an argument in its opening brief a waiver of that argument." (citation omitted)).

## CONCLUSION

We have considered Mr. LaRue's remaining arguments and find them unpersuasive. Given the statutory limits on our jurisdiction, we cannot review the Board's application of law to the facts. Accordingly, Mr. LaRue's appeal from the U.S. Court of Appeals for Veterans Claims is

## DISMISSED

## COSTS

No Costs.