NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MATTHEW A. MELVER,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2019-1914

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-6523, Judge Joseph L. Toth.

_____

Decided: October 3, 2019

_____

MATTHEW A. MELVER, Hollywood, FL, pro se.

ERIC LAUFGRABEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; MEGHAN ALPHONSO, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Matthew Melver, a recipient of veterans' disability benefits for his service-connected right hip disability due to chronic hip pain, applied to the Department of Veterans Affairs (VA) for an increase in his disability rating. The VA's Board of Veterans' Appeals denied his claim, determining that the criteria for an increased rating were not met. The Court of Appeals for Veterans Claims (Veterans Court) affirmed. In his appeal to this court, Mr. Melver has identified no legal error committed by the Veterans Court. He has challenged only the facts or the application of law to the facts. With no constitutional claim asserted, we lack jurisdiction to review such a challenge. Therefore, we must dismiss the appeal for lack of jurisdiction.

I

Mr. Melver served on active duty in the Army from July 2005 to March 2007. In 2009, the relevant Regional Office of the Department assigned him a 10% disability rating for a service-connected right hip disability.

In 2012, Mr. Melver filed a claim for an increased disability rating of 60% for hip ankylosis, a separate disability rating of 40% for chronic right hip pain, and a rating of total disability based on individual unemployability (TDIU). During a 2013 VA medical examination, Mr. Melver complained of right hip pain and flare-ups that affected the function of his right hip and thigh, but his flexion measurements indicated that he retained normal motion of his hip. The examiner noted that his "right hip condition preclude[d] him from physical work" but that "he [wa]s applying for and [was] capable of sedentary employment . . . ." J.A. 272. Later that year, the Regional Office denied his claim, finding that the 10% disability rating was consistent with his painful hip motion and flexion measurements and

that he did not qualify for TDIU. Mr. Melver appealed, and in 2018, the Board remanded the case for further development of the record.

In a new VA medical examination, conducted in May 2018, Mr. Melver again reported right hip pain and flare-ups. The examiner diagnosed Mr. Melver with osteoarthritis of the right hip and right hip impingement syndrome but found no evidence of right hip ankylosis. The Regional Office again denied both the claim for new or increased ratings for his right hip disability and the claim for a TDIU rating.

Mr. Melver appealed to the Board. On review of his reports of right hip pain, the Board found that painful motion was already contemplated in the evaluation that resulted in his existing 10% disability rating. The Board separately determined that "[e]ven considering [his] subjective complaints of pain and other symptoms," his flexion measurements did not warrant a rating increase. J.A. 107. As a result, the Board affirmed.

Before the Veterans Court, Mr. Melver "argue[d] that the Board overlooked evidence of chronic pain" when it denied the rating increase. *Melver v. Wilkie*, No. 18-6523, 2019 WL 1511224, at *1 (Vet. App. Apr. 8, 2019). The Veterans Court, however, determined that the Board "took account of the veteran's reports of pain as part of [its] analysis" and that Mr. Melver failed to show "that the Board clearly erred in its weighing of this evidence." *Id.*, at *2. The Veterans Court affirmed the portion of the Board's decision that denied an increased or new right hip rating, and it vacated the portion denying a TDIU rating and remanded for further consideration of that issue. *Id.*, at *1. Mr. Melver appeals only the Veterans Court's decision denying the higher right hip rating.

## II

This court has limited subject matter jurisdiction over appeals from the Veterans Court. *See* 38 U.S.C. § 7292. We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." *Id.*, § 7292(a). We do not have jurisdiction to "review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue." *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005) (citing 38 U.S.C. § 7292(d)(2)).

In this case, Mr. Melver challenges the Veterans Court's determination that the Board did not commit reversible error in its record assessment, and its application of legal standards, when making the disability rating determinations at issue here. The Veterans Court reviewed the Board's application of the relevant regulations and law to the evidence of record and found that "he ha[d] not shown that the Board clearly erred in its weighing of th[e] evidence." *Melver*, 2019 WL 1511224, at *2. We may not review this challenge. An allegation that the evidence of record requires an increase in disability rating is either a factual challenge or a challenge to the "application of law to fact," both of which are beyond our jurisdiction where, as in this case, "there is no constitutional issue presented." *Middleton v. Shinseki*, 727 F.3d 1172, 1177–78 (Fed. Cir. 2013); *Ortiz v. Shinseki*, 427 F. App'x 889, 891 (Fed. Cir. 2011) (holding that the veteran's "contention that the evidence of record . . . required the Secretary to increase his disability rating" was "a pure question of fact").

Mr. Melver also asserts that the Veterans Court's decision involves the validity or interpretation of a statute because "the [Board] and [Veterans Court] both failed to adequately consider, rule[,] and rate a valid claim for

chronic . . . pain . . . . in violation of current [Board] statutes (newly) allowing the award of pain as ratable, directly-relatable to existing service-connected ratings . . . ." Attachment to Appellant's Brief at 1. Although Mr. Melver does not identify any specific case, statute, or regulation, we, like the government, understand him to be referring to our decision in *Saunders v. Wilkie*, where we held that "pain alone, without an accompanying diagnosis of a present disease, can qualify as a disability." 886 F.3d 1356, 1369 (Fed. Cir. 2018). The Veterans Court, however, was not required to interpret or apply *Saunders* because it determined that the Board already "took account of [Mr. Melver's] reports of pain as part of [its] analysis." *Melver*, 2019 WL 1511224, at *2.

Finally, we lack jurisdiction to consider Mr. Melver's apparent argument that the Board should have applied the "benefit of the doubt" rule to weigh the evidence in his favor. Attachment to Appellant's Brief at 1 ("As chronic debilitating pain is newly ratable by the VA it is the duty of the [Board] and [the Veterans Court] to show deference and in the absence of a clearly written code, statute, or likeness[,] side in favor of the veteran."). Neither the Veterans Court nor the Board interpreted the statute stating the invoked rule, 38 U.S.C. § 5107(b). "The 'benefit of the doubt' rule applies only when the evidence in support of and against the veteran's claim is approximately balanced." *Ortiz*, 427 F. App'x at 891 (citing *Fagan v. Shinseki*, 573 F.3d 1282, 1287 (Fed. Cir. 2009)). The Board decided not to apply the rule here because the "preponderance of the evidence [was] against assigning a rating in excess of that already assigned . . . ." J.A. 107. The Veterans Court's affirmance of that application of the rule raises no legal question.

## III

Because Mr. Melver has not raised any challenge within our jurisdiction, we dismiss this appeal.

The parties shall bear their own costs.

**DISMISSED**