Citation Nr: 1829627 
Decision Date: 06/26/18 Archive Date: 07/02/18

DOCKET NO. 10-00 276 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to an increased rating in excess of 10 percent for hepatitis C prior to February 26, 2013, and a rating in excess of 20 percent for hepatitis C from February 26, 2013.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Purcell, Associate Counsel
INTRODUCTION

The Veteran served on active duty from January 1977 to January 1988. This matter comes to the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. 

In February 2012, the Veteran testified before the undersigned Veterans Law Judge at a Travel Board hearing at the RO; a transcript of that hearing is associated with the record.

During the pendency of the appeal, the Veteran's hepatitis rating was increased to 20 percent, effective February 2013. See March 2013 rating decision. As the rating assigned does not represent a complete grant of the benefit sought on appeal and the Veteran has not indicated satisfaction with the rating assigned, the issue remains on appeal. See AB v. Brown, 6 Vet. App. 35 (1993). 

The Board remanded the Veteran's claim in January 2011 for a hearing and then again in December 2012, June 2015, June 2016, and July 2017 for additional evidentiary development. In compliance with the July 2017 remand, VA treatment records were associated with the claims file and a new VA examination was obtained. There has been substantial compliance with the remand instructions and no further action to ensure compliance with the remand directives is required. See Stegall v. West, 11 Vet. App. 268 (1998).

FINDINGS OF FACT

1. Prior to February 26, 2013, the Veteran's hepatitis has not resulted in daily fatigue, malaise, and anorexia requiring dietary restriction or continuous medication, or in incapacitating episodes as defined by VA having a total duration of at least two weeks, but less than four weeks, during the past 12-month period.

2. As of February 26, 2013, the Veteran's hepatitis has not resulted in daily fatigue, malaise, and anorexia, with minor weight loss and hepatomegaly, or; incapacitating episodes as defined by VA having a total duration of at least four weeks, but less than six weeks, during the past 12-month period.

CONCLUSIONS OF LAW

1. Prior to February 26, 2013, the criteria for a rating in excess of 10 percent for hepatitis C have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. § 4.114, Diagnostic Code 7345 (2017).

2. As of February 26, 2013, the criteria for a rating in excess of 20 percent for hepatitis C have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. § 4.114, Diagnostic Code 7345 (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran seeks an increased rating for his service-connected hepatitis. He was originally awarded service connection by way of a July 1981 rating decision with a noncompensable rating assigned. This rating was continued by way of a February 2003 rating decision and an appeal of that rating was not perfected. The Veteran filed this claim for an increase in October 2007. The December 2008 rating decision appealed awarded a 10 percent rating, effective October 22, 2007, the date of the claim for increase. The March 2013 rating decision increased the rating to 20 percent, effective February 26, 2013. The Veteran contends that a higher rating is warranted throughout the pendency of this claim and appeal. 

The Veteran's hepatitis is rated under Diagnostic Code 7345, which evaluates chronic liver disease without cirrhosis. A 10 percent rating is assigned for intermittent fatigue, malaise, and anorexia, or; incapacitating episodes (with symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain) having a total duration of at least one week, but less than two weeks, during the past 12-month period. A 20 percent rating is assigned for daily fatigue, malaise, and anorexia (without weight loss or hepatomegaly), requiring dietary restriction or continuous medication, or; incapacitating episodes (with symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain) having a total duration of at least two weeks, but less than four weeks, during the past 12-month period. A 40 percent rating is assigned for daily fatigue, malaise, and anorexia, with minor weight loss and hepatomegaly, or; incapacitating episodes (with symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain) having a total duration of at least four weeks, but less than six weeks, during the past 12-month period. A 60 percent rating is assigned for daily fatigue, malaise, and anorexia, with substantial weight loss (or other indication of malnutrition), and hepatomegaly, or; incapacitating episodes (with symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain) having a total duration of at least six weeks during the past 12-month period, but not occurring constantly. A 100 percent rating is assigned for near-constant debilitating symptoms (such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain). 38 C.F.R. § 4.114, Diagnostic Code 7345.

Diagnostic Code 7354 provides that "incapacitating episode" means a period of acute signs and symptoms severe enough to require bed rest and treatment by a physician. 38 C.F.R. § 4.114.

The Veteran underwent VA contract examination in January 2008. The Veteran reported fatigue and pain. The VA contract examiner noted that the condition does not affect the Veteran's weight. The VA contract examiner noted that the Veteran reported daily fatigue, arthralgia, nausea, vomiting, loss of appetite, and jaundice, and that the symptoms were tolerable. The Veteran reported incapacitating episodes as often as once a year, lasting for 21 days. The VA contract examiner noted that incapacitating episodes were reported by the Veteran, but then noted that the Veteran had zero incidents of incapacitation in the prior year. The VA contract examiner also indicated that the Veteran had not identified any physician who recommended bed rest. It was noted that the Veteran was not currently receiving any treatment for his condition.

In a January 2010 vocational rehabilitation document, entitled Rehabilitation Needs Inventory, the Veteran reported intermittent fatigue and joint pain.

During the February 2012 Board hearing, the Veteran reported periodic pain in his upper body and fatigue. See Hearing Tr., p. 3. The Veteran reported his weight fluctuated up and down, and that he lost significant weight from 2008 until the time of the hearing. Id., p. 6. The Veteran reported that his symptoms get so bad that he needs to lie down sometimes. Id., p. 7. He reported experiencing nausea, fatigue, headaches, and occasional vomiting. Id., p. 8. He explained that he was not taking medication, but was planning to begin medication. Id., p. 11.

In February 2013, the Veteran underwent VA examination. The Veteran reported intermittent joint pain in the past, but no current problems. He reported daytime sleepiness present for several years. The Veteran reported that his weight fluctuates, but the VA examiner noted no specific weight loss. The VA examiner noted that the Veteran's weight was 185 pounds in October 2011 and 187 pounds at the time of examination. The VA examiner noted that continuous medication was not required for control of the Veteran's condition, that he had no dietary restrictions, and that the Veteran had not had any incapacitating episodes due to the condition within the prior 12 months. The VA examiner noted daily fatigue and intermittent arthralgia attributable to the Veteran's condition.

In August 2015, the Veteran underwent VA examination. The Veteran reported generalized joint and abdomen pain and 10 pounds of unintentional weight loss over the prior few months. The VA examiner noted that continuous medication was not required for control of the Veteran's condition and that the Veteran does not require any dietary restrictions. The VA examiner noted that the Veteran experienced daily fatigue, arthralgia, and right upper quadrant pain. The VA examiner noted no incapacitating episodes due to the condition in the prior 12 months. The VA examiner noted the Veteran's report of unintentional weight loss but explained there was no significant change in weight and that the weight remained stable. The VA examiner noted no functional impact on the Veteran's ability to work. Although the Veteran reported fatigue, he was able to maintain a parking lot.

In July 2017, the Board remanded this matter for a new VA examination to include medical opinion concerning whether any weight gain, weight loss, or fluctuations in weight since October 2007 are symptoms of the Veteran's hepatitis.

In August 2017, the Veteran underwent further VA examination. At that time, he reported joint pains, fatigue mainly with activities, and weight gain of 20 pounds over the last year due to the lack of activity from fatigue and changes in his diet. He reported occasional episodes of nausea and intermittent episodes of sharp pain in his upper abdominal region lasting a few seconds. The VA examiner noted that continuous medication was not required for control of the Veteran's condition, and that the Veteran had not had any incapacitating episodes due to the condition during the past 12 months. The VA examiner attributed intermittent fatigue to the condition, and explained that the other symptoms reported by the Veteran would not be attributed to hepatitis which was treated and sustained virologic response (SVR) was documented since 2015. The VA examiner noted weight measurements from the Veteran's treatment records and noted consideration of the Veteran's lay statements. The VA examiner then explained that the Veteran's weight fluctuations from 2007 to the present have not been specifically attributed to hepatitis, and that any current reported weight fluctuations would not be related to hepatitis as the Veteran has achieved SVR since 2015. The VA examiner also noted that the record did not document a need for continuous medication for hepatitis or specific dietary restrictions required due to hepatitis. The VA examiner noted a functional impact on the Veteran's ability to work in that the Veteran reported difficulty with physically strenuous tasks due to the fatigue. The Veteran continues to work.

In the January 2018 Informal Hearing Presentation, the Veteran's representative asserts that a 20 percent rating is warranted from the beginning of the appeal period due to the Veteran's daily fatigue, malaise, anorexia, nausea, arthralgia, vomiting, loss of appetite, and right side pain. The Veteran's representative notes that the March 2013 rating decision increased the evaluation of the Veteran's hepatitis to 20 percent based on daily fatigue alone. The Veteran's representative also asserts that the Veteran experienced an incapacitating episode that lasted three weeks in the year leading up to the January 2008 VA contract examination.

As previously indicated, under Diagnostic Code 7354, the assignment of a 20 percent evaluation requires: (a) a showing of fatigue, malaise, and anorexia on a daily basis as well as a need for dietary restriction or continuous medication; or (b) incapacitating episodes having a total duration of at least two weeks during the past 12-month period. The Board notes that the symptoms in section (a) are conjunctive in nature. In other words, the Veteran must exhibit daily fatigue, malaise, and anorexia, and the presence of these three symptoms must require dietary restriction or continuous medication. See Middleton v. Shinseki, 727 F.3d 1172 (Fed. Cir. 2013) (if disability rating criteria are written in the conjunctive, "a veteran must demonstrate all of the required elements in order to be entitled to that higher evaluation" and 38 C.F.R. § 4.7 cannot be used to circumvent the need to demonstrate all required criteria).

Here, prior to February 26, 2013, although the evidence shows fatigue and other symptoms, the evidence does not show a need for dietary restriction or continuous medication. The January 2008 VA examiner did not note a requirement of either dietary restrictions or continuous medications and explained that the Veteran was not currently receiving any treatment for his condition. In addition, during the February 2012 Board hearing, the Veteran explained that he was not taking medication. See Hearing Tr., p. 11. He did not report being placed on dietary restrictions at that time. The February 2013 VA examiner also noted that continuous medication was not required for control of the Veteran's condition and that he had no dietary restrictions. 

Prior to February 26, 2013, the evidence also does not show incapacitating episodes (as defined by VA) with such symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain having a total duration of at least two weeks during the past 12-month period. This combination of symptoms has not been demonstrated in the medical record or via lay reports. Although the Veteran reported incapacitating episodes as often as once per year, lasting 21 days, at the time of the January 2008 VA contract examination, the VA contract examiner noted that there were zero incidents of incapacitation over the prior year. At the time of the January 2008 examination, the Veteran reported that he was not currently being treated. There has been no documentation submitted that shows bed rest for hepatitis at the direction of a physician having a total duration of at least two weeks during a one year period prior to February 26, 2013. Although the Veteran testified to times when he has to stay off his feet and do nothing, the record does not show, incapacitating episodes with symptoms that required bed rest and treatment proscribed by a physician. See Hearing Tr., pp. 7-9. The medical evidence of record, including VA treatment records, does not show treatment by a physician for incapacitating episodes requiring bed rest. The Board finds that if bed rest were required for symptoms of hepatitis this would have been noted by an examiner or in the treatment records, but is not. Thus, despite the Veteran's representative's assertion, the Board finds that the Veteran has not required bed rest for at least two weeks during a 12-month period for his hepatitis. 

Accordingly, in light of the evidence as a whole, a 20 percent rating is not warranted prior to February 26, 2013. 

A 40 percent or higher rating is also not warranted as the record does not show incapacitating episodes of the length required, the Veteran's noted weight fluctuations were not attributed to his hepatitis, and the record does not show that the Veteran experienced near-constant debilitating symptoms. The preponderance of the evidence is against an increased rating in excess of 10 percent for heptatitis prior to February 26, 2013. 

By rating decision of March 2013, the rating for hepatitis C was increased to 20 percent from February 26, 2013, based upon evidence of daily fatigue. As of February 26, 2013, the preponderance of the evidence of record is against an increased rating in excess of 20 percent for hepatitis C. The evidence of record does not show weight loss attributable to the Veteran's hepatitis. The August 2017 VA examiner examined the Veteran and reviewed the record and explained that the Veteran's weight fluctuations since the beginning of the appeal period were not attributed to his hepatitis, and that any current weight fluctuations would not be related to his hepatitis. The evidence of record also does not show incapacitating episodes (as defined by VA) with such symptoms such as fatigue, malaise, nausea, vomiting, anorexia, arthralgia, and right upper quadrant pain having a total duration of at least four weeks during the previous 12-month period. The February 2013, August 2015, and August 2017 VA examiners noted that there were no incapacitating episodes due to the Veteran's hepatitis in the prior 12-month periods. Accordingly, the criteria required for a 40 percent rating under Diagnostic Code 7354 are not met.

A 60 percent or higher rating is also not warranted as the record does not show incapacitating episodes of the length required, substantial weight loss attributed to the Veteran's hepatitis, or near-constant debilitating symptoms. The preponderance of the evidence is against an increased rating in excess of 20 percent for hepatitis from February 26, 2013. 

The evidence in the record also does not show cirrhosis of the liver. The January 2008, February 2013, August 2015, and August 2017 VA examiners noted that there was no cirrhosis of the liver.

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. See 38 U.S.C. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990). However, the weight of the evidence is against the assignment of higher ratings in this case.

ORDER

Prior to February 26, 2013, a rating in excess of 10 percent for hepatitis C is denied.

As of February 26, 2013, a rating in excess of 20 percent for hepatitis C is denied.



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs